MUNZESHEIMER v. BYRNE.

Opinion delivered April 23, 1892.

*Bond for costs—Witness fees—Who may collect.*

> The successful party in an action cannot sue on a bond for costs, executed to him by the adversary party, to recover fees due to witnesses in such action, without making the witnesses parties, unless it appears either that the fees were due to his witnesses, or that he has an interest in the fees, or that he was authorized by the parties to whom they were payable to sue for them.

Appeal from Miller Circuit Court.

C. E. MITCHEL, Judge.

*Scott & Jones* for appellants.

1. The appellants, as obligees in the bond, had the right to sue without joining the parties for whose benefit the suit is prosecuted. Mansf. Dig. secs. 4933, 4936 ; 7 Ark. 149 ; Newman, Pl. and Pr. 93–4 ; Bliss, Code Pl. secs. 55, 57, 58 ; 48 Ark. 355 ; 18 N. Y. 374 ; Pom. Rem. sec. 175.

2. If the complaint was imperfect, or insufficient in allegation, defendant's remedy was by motion to make more definite and specific. 31 Ark. 379 ; *ib.* 657 ; 32 *id.* 131 ; *ib.* 315 ; 38 Ark. 393.

*L. A. Byrne* and *E. F. Friedell, pro se.*

1. Every action must be brought in the name of the real party in interest, with certain exceptions. Mansf. Dig. sec. 4936 ; Bliss, Code Pleading, secs. 55, 56, 57. Plaintiffs do not come within the exceptions. See also 38 Ark. 72.

2. The complaint fails to show that plaintiffs are suing for the use and benefit of any party in interest, or even at the request of any party in interest.

HUGHES, J. The Eagle Phenix Manufacturing Company sued appellants and procured an attachment, having first executed the following bond :

"Eagle Phenix Manufacturing Co., Plaintiff, *v.* Munzesheimer & Klein, Defendants.

"We undertake that the plaintiff, The Eagle Phenix Manufacturing Company, shall pay to the defendants, Munzesheimer & Klein, or either of them, all damages which they may sustain by reason of this attachment if the order therefor is wrongfully obtained, and the costs of this action.

>          (Signed)     EAGLE PHENIX MFG. CO.
>                        By SAMUEL P. MENDEG, Agt.
>                        L. A. BYRNE.
>                        E. F. FRIEDELL."

At the meeting of the court, by consent, the attachment was dissolved, and judgment was rendered against the appellants for the debt, but against the plaintiffs in the suit for the costs. The appellants sued on the bond set out to recover one hundred and seventy-four dollars, witness fees, as part of the costs, making itemized statements of the fees exhibits to the complaint. The complaint does not allege that appellants had paid any part of these costs, that they were for fees due the defendants' witnesses, or that they had any interest in the fees, or that they were authorized by the parties who owned them to collect them, or sue for them—or facts which show this. The appellees demurred to the complaint : (1.) for defect of parties; (2.) because the complaint does not state facts sufficient to constitute a cause of action. The court sustained the demurrer. The appellants excepted, stood on their complaint and appealed.

The bond in suit seems to have been an attachment bond, and also a bond for costs. It provides that the plaintiffs shall pay to the defendants all damages which

they may sustain by reason of the attachment, if the order therefor was wrongfully obtained, and the costs of the action.

Section 1036 of Mansfield's Digest provides that the condition of a bond for costs by a non-resident plaintiff, or a corporation other than a bank created by the laws of this State, shall be for the payment of all costs which may accrue in the action in the court in which it is brought, or in any other to which it may be carried, either to the defendant or to the officers of the court. This seems to contemplate that each party will pay his own costs, and that judgment will go against the losing party for costs expended by the other party.

"Every action must be prosecuted in the name of the real party in interest, except as provided in sections 4935, 4936 and 4938." (Mansfield's Digest, sec. 4933.) The complaint does not state facts which show that the plaintiffs would have any interest in or right to control the fruits of the judgment, if judgment should be rendered in their favor.

Section 4936 of the Digest provides : "An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or the State, or any officer thereof, or any person expressly authorized by the statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted." The statute contemplates that the bond for costs shall secure to the defendant and the officers of the court such costs as may accrue to either of them. (Sec. 1036, Mansfield's Digest). It is not alleged in the complaint that these costs accrued to the defendant, or the officers of the court. The bond does not follow the statute; yet if the plaintiffs had stated facts showing that they were suing as the trustees of an express trust or as persons with whom the contract was made for the benefit of the wit-

nesses holding the certificates, they could maintain the action without making the witnesses parties, the bond being good as a common law bond. But none of those things are shown.

The judgment is affirmed.